UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN SUMMERS,

     Plaintiff,

v.

WALGREEN COMPANY and WALGREEN
PHARMACY SERVICES MIDWEST, LLC,
subsidiary of Walgreen Company,

     Defendants.

Case No. 15-cv-12836
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

---

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [4]**

---

Plaintiff Stephen Summers, a former managerial employee with Defendant Walgreen Company ("Walgreens"), alleges that he was terminated in violation of the federal Age Discrimination in Employment Act ("ADEA") and Michigan law. Defendants have filed a motion to dismiss (or on the alternative, for summary judgment), arguing that Plaintiff's ADEA claim is untimely and that his other allegations fail to state a plausible claim for relief.

## I.  LEGAL STANDARD

When a defendant moves to dismiss pursuant to Rule 12(b)(6), the plausibility standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), governs. Under that standard, a court first culls legal conclusions from the complaint, leaving only factual allegations to be accepted as true. *Iqbal*, 556 U.S. at 679. The inquiry then becomes whether the remaining assertions of fact "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although this plausibility threshold is more than a "sheer possibility that a defendant . . . acted unlawfully," it is not a "'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

Whether a plaintiff has presented enough factual matter to "'nudg[e]'" his claim "'across the line from conceivable to plausible'" is "a context-specific task" requiring this Court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 683 (quoting *Twombly*, 550 U.S. at 570).

Because the Court can address Defendants' motion without resort to documents outside of the Complaint and the exhibits to the Complaint, and no discovery has been conducted, the Court will not address Defendants' summary-judgment arguments.

## II.  ALLEGATIONS OF THE COMPLAINT

Summers was employed with Walgreens for twenty-five years. (Dkt. 1, Compl., at ¶ 2.) He was responsible for "organizing and managing the start-up of new stores in the Michigan area[.]" (*Id.*) He achieved "very favorable appraisal[s] of job performance by supervisors." (*Id.* at ¶ 13.) He even was made the "'chief trainer' for others who held his position." (*Id.* at ¶ 14.) Nonetheless, he was "presented with the choice of being terminated or forced to accept a lesser compensation." (*Id.* at ¶ 3.) Ultimately, he was discharged on January 19, 2015. (*Id.* at ¶ 4.) He asserts that Walgreens' actions violated the Age Discrimination Act and "comparable Michigan legislation." (*Id.* at 6.)[1] Summers filed a complaint with the EEOC, and received a right-to-sue letter, which was mailed to him on May 8, 2015. (Compl. Ex. A.)

Summers filed suit in this Court on August 12, 2015. He asserts three claims: "Age Discrimination Act Violations" (Count I); Wrongful Termination (Count II); and "Breach of Contract for an Implied Term of Employment" (Count III). Defendants have filed a motion to dismiss. (Dkt. 4). The motion is fully briefed. (Dkts. 5, 6.) After careful consideration of the

---

[1] Summers acknowledges that in his Complaint, his age "was not set forth, regrettably[.]" (Resp. at 5.)

briefs and thorough review of the pleadings, the Court finds that oral argument will not aid in resolving the pending motion. *See* E.D. Mich. LR 7.1(f)(2).

## III. ANALYSIS

A complainant who has filed an individual EEOC complaint pursuant to the ADEA may file an action in the appropriate United States district court within 90 days of "receipt" of a right-to-sue letter. 42 U.S.C.A. § 2000e-16(c); 29 C.F.R. § 1614.407. "The Sixth Circuit has resolved that notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of a [Right to Sue] notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 502, 557 (6th Cir. 2000) (citing cases); *Fuller v. Michigan Dep't of Transp.*, 580 F. App'x 416, 424 (6th Cir. 2014) (characterizing *Graham-Humpherys*' holding as a "strict presumption"). Thus, a plaintiff "presumptively receives" an RTS letter, and the statute of limitations begins to run, five days after the EEOC mails the letter—unless the plaintiff can rebut the presumption. *Rodney v. LaHood*, 359 F. App'x 634, 637 (6th Cir. 2010). "The federal courts have strictly enforced" the ninety-day time limit. *See Graham-Humphreys*, 209 F.3d at 557 (6th Cir. 2000). "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. . . . '[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

3

In this case, Summers attached his EEOC determination to his Complaint. (Dkt. 1 at PageID 7.) It was mailed on May 8, 2015. (*Id.*) Under Sixth Circuit law, the 90-day statute of limitations began to run on May 13, 2015. *Graham-Humphreys*, *supra*; *King v. Henderson*, 230 F.3d 1358 (6th Cir. 2000) (explaining that "'notice' occurs upon either actual or constructive receipt by a discrimination claimant of an official advisory"). Summers says that he actually received the letter on May 14, 2015, but mere denials of receipt are typically not enough to rebut the *Graham-Humphreys* presumption of receipt. *Cook v. Providence Hosp.*, 820 F.2d 176, 179 n.3 (6th Cir. 1987) (holding that the plaintiffs' "denials [of receipt were] not sufficient to support a reasonable conclusion that the letter was not received."). Thus, Summers had to file his Complaint by August 11, 2015 (90 days from May 13, 2015) in order for it to be timely. Summers in fact filed his Complaint on August 12, 2015. (Compl.) That is one day late. *See* E.D. Mich. LR App'x ECF Rule 6(a) ("A case is not considered filed until an initiating paper has been uploaded and a judicial officer has been assigned to the case.").

Summers' counsel represents that "the actual filing of the Complaint was made the day before, but did not appear in the Court records until the next day. The Clerk was contacted and a deputy advised that he could see what happened and said the easiest way around the cyber problem was to refile, which was done." (Dkt. 5-1, Resp. at 5.) It thus appears that Summers argues the late filing should be excused due to difficulties with electronic filing.

But Summers has not shown that his "cyber problem" was a "Technical Failure" within the meaning of this District's rules on electronic case filing:

> a malfunction of Court-owned/leased equipment (e.g., hardware, software or telecommunication facility) that occurs continuously or intermittently for more than one hour after 12:00 noon (Eastern Time) that day, and which results in the inability of a filing user to file papers electronically.

4

E.D. Mich. LR App'x ECF Rule 1(l).[2]

And even if Summers had alleged that the "cyber problem" was a "Technical Failure," Summers has not alleged (let alone evidenced) that he followed the procedures for handling such a failure:

> [a] paper may be submitted to the Court as indicated below, provided that it is accompanied by an affidavit of the filing user's failed attempts to file electronically at least two times after 12:00 noon, each attempt separated by at least one hour. The following methods of filing are acceptable in the case of a technical failure:
>
>> (1) Via e-mail sent that day with PDF attachment to the e-mail address for technical failures (technicalfailures@mied.uscourts.gov); or
>>
>> (2) Via electronic filing the next business day that ECF is operational.

E.D. Mich. LR App'x ECF Rule 13(a).

Nor has Summers' counsel indicated that the problem was due to a malfunction of his own equipment. *See* E.D. Mich. LR App'x ECF Rule 13(b) ("A filing user who suffers prejudice as a result of a malfunction of the filing user's own equipment may seek appropriate relief from the Court.").

Thus, the Court is not convinced that it should consider the Complaint to have been filed on August 11, 2015, rather than on August 12, 2015, which is the date reflected in the ECF docket report.

Nor does equitable tolling apply. First, Summers has not asked for it. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (holding that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable

---

[2] The Court inquired internally whether there was a malfunction, as defined in the rule, on August 11, 2015. There was not.

tolling."). And, "Even where a plaintiff misses the filing deadline by only one day, [the Court] will not excuse this failure if other circumstances do not justify equitable tolling." *McKibben v. Hamilton Cty.*, 215 F.3d 1327 (6th Cir. 2000).The Sixth Circuit has applied five factors to determine when to equitably toll a statute of limitations:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Graham-Humphreys*, 209 F.3d at 561 (quoting *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). The EEOC letter makes clear that any lawsuit should be filed within 90 days. Nonetheless, he did not file suit until August 12, 2015. There is no indication that this delay "unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 561. It is unclear whether Summers' delay caused prejudice to Defendants, but that factor is generally only considered when there is a showing on one of the other factors. *See Doan v. NSK Corp.*, 266 F. Supp. 2d 629, 638 (E.D. Mich. 2003). For these reasons, the Court will not apply equitable tolling.

Accordingly, Summers' ADEA claim will be dismissed as untimely.

Summers' other claims all fall under state law. However, whether the Court has diversity jurisdiction over those claims is unclear. Under 28 U.S.C. § 1332(a), "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010); *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Because a corporation is considered a citizen of both its place of incorporation and its principal place of business, *see* 28 U.S.C. § 1332(c)(1), a plaintiff attempting to invoke diversity jurisdiction when suing a corporation must allege both the corporation's state of incorporation and its principal place of business. *Vaughn v. Holiday Inn*

*Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003) (citing *Acwoo Int'l Steel Corp. v. Toko Kaiun Kaish, Ltd.*, 840 F.2d 1284, 1290 (6th Cir. 1988)). Because "a limited liability company has the citizenship of each of its members . . . the court needs to know the citizenship of each member of the company." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). "And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

Here, Summers named both "Walgreen Company" and "Walgreen Pharmacy Services Midwest, LLC" in his Complaint. Defendants' motion makes it clear that those are two separate entities. (Mot. at 1 n.1.) But Summers did not allege the citizenship of Walgreen Pharmacy Services Midwest, LLC in his Complaint. Nor did he allege Walgreen Company's state of incorporation. Without this information, the Court cannot say whether it has diversity jurisdiction over Summers' state claims.

Thus, as of now, the only established basis for this Court's jurisdiction over Summers' state-law claims is supplemental jurisdiction based on Summers' federal ADEA claim. But the Court has decided that claim warrants dismissal. "[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

**IV. CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss (Dkt. 4) is GRANTED. The Complaint is DISMISSED. However, the Court GRANTS Summers leave to file an amended complaint that adequately addresses diversity jurisdiction as well as the pleading deficiencies raised by Defendants in their motion to dismiss. Summers shall file any amended

complaint by May 10, 2016. If Summers fails to do so, the Court will enter judgment in favor of

Defendants.

      SO ORDERED.

                          s/Laurie J. Michelson
                          LAURIE J. MICHELSON
                          UNITED STATES DISTRICT JUDGE

Dated:  April 26, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 26, 2016.

                          s/Jane Johnson
                          Case Manager to
                          Honorable Laurie J. Michelson